UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-4-H

GARDNER DENVER DRUM LLC                                                                 PLAINTIFF

V.

PETER GOODIER, and                                                                              DEFENDANTS
TUTHILL VACUUM & BLOWER
SYSTEMS, A DIVISION OF TUTHILL
CORPORATION

**MEMORANDUM OPINION**

Plaintiff Gardner Denver Drum LLC ("Gardner Denver") has moved for summary judgment as to Counts I, II, and a portion of Count VIII of its Complaint. Gardner Denver seeks enforcement of a covenant not to compete ("the Covenant") entered into by Defendant Peter Goodier ("Goodier") and Drum Industries, Inc. ("Drum") on October 19, 1993. When this litigation began, Goodier was employed by Defendant Tuthill Vacuum & Blower Systems ("Tuthill"). He remains in that position today.

After expedited discovery and a hearing, on April 14, 2006, this Court granted a preliminary injunction that enjoined Goodier from working for Tuthill in his then-present position or any similar position for the remaining term of the Covenant.[1] The order also provided the parties thirty days in which to advise the Court why further proceedings may be necessary before making the injunction permanent. The memorandum opinion that accompanied that decision included a lengthy recitation of the facts, and there is no need to repeat them here.

---

[1] The Court had initially denied Plaintiff's motion for a preliminary restraining order on January 31, 2006.

Since that order was issued, parties have made numerous filings addressing the issues at hand.

Count I of Gardner Denver's Complaint requests a declaratory judgment from the Court that the Covenant is a "valid and binding contract" *and* that "Goodier's employment with [Tuthill] violates the terms of the covenant not to compete and is thus a breach of the Agreement." The Court has already addressed in detail the question of whether the Covenant is a valid and binding contract in its prior opinion. Mem. Op. at 9-19, Apr. 14, 2006. The Court concluded then that the Covenant was assignable from Drum to Gardner Denver, that the Covenant was not superseded by the later Confidentiality Agreement, that the Covenant was supported by adequate consideration, that Goodier voluntarily left the employment of Gardner Denver, and that the Covenant is not barred by laches. *Id.* at 9-14. The Court also addressed the reasonableness of the Covenant and found it to be reasonable in its substantive, geographic, and temporal scope. *Id.* at 14-19. On these grounds, the Court determined that the Covenant should be enforced through a preliminary injunction.

Defendants have suggested that additional discovery is needed to determine whether the Covenant is valid and enforceable on a permanent basis. However, this Court in its April 14, 2006 opinion has already addressed all of the issues upon which the Defendants suggest further discovery is needed. Defendants had adequate information to make arguments regarding the validity and enforceability of the Covenant and such arguments were carefully considered previously by this Court. The Court cannot think of any further evidence that might bear on this issue. Therefore, Gardner Denver's motion for partial summary judgment as to a declaration that the Covenant is a valid and binding contract is granted.

However, summary judgment on the other aspects of the complaint is premature at this

time. Count II (alleging breach of contract on the Covenant) and the remainder of Count I (requesting a declaratory judgment that Goodier's employment with Tuthill constitutes a breach of the Covenant) are not ripe for summary judgment. As both the Supreme Court and the Sixth Circuit have recognized, summary judgment should not be granted where a party has not been afforded adequate time for discovery. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Vega v. First Federal Sav. & Loan Ass'n of Detroit*, 622 F.2d 918, 926 (6th Cir. 1980). Inadequate discovery has been conducted on the issue of breach by Goodier. Moreover, the Court may need more evidence and a full hearing to determine whether Goodier's employment with Tuthill alone constitutes a breach of the Covenant.

Finally, Gardner Davis moves to make permanent the preliminary injunction issued by this Court six months ago. Again, without further discovery on the issue of breach by Goodier, summary judgment would be premature at this time. The preliminary injunction is adequate to protect Plaintiff's rights at this time. However, the Court will revisit this and other issues at the scheduled October 20, 2006, conference.

The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record