UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-4-H

GARDNER DENVER DRUM LLC                                                                PLAINTIFF

V.

PETER GOODIER, et al.                                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

    Plaintiff, Gardner Denver, Inc., have moved for civil contempt against Defendants, Peter Goodier and Tuthill Vacuum & Blower Systems, Inc.  Plaintiff contends that Defendants have violated this Court's injunction entered April 14, 2006.  A Memorandum Opinion accompanied the injunctive order.

    To obtain a civil contempt order, the movant is required to prove by clear and convincing evidence that the party violated a definite and specific order of the Court requiring him to perform a particular act.  *NLRB v. Cincinnati Bronze, Inc.*, 829 F.29 585, 591 (6th Cir. 1987).  "Willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is 'irrelevant to the validity of [a] contempt finding.'"  *Rolex Watch USA, Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996).

    Once a *prima facie* case has been shown, the burden shifts to the respondent to rebut the showing or establish a defense.  *Roman v. Korson*, 307 F.Supp.2d 908, 915 (W.D. Mich. 2004).  Suitable defenses include that compliance is impossible or that the respondent took all reasonable steps within its power to achieve substantial compliance with the court's order.  *Hauck Mf'g Co. v. Astec Industries, Inc.*, No. 1:03-CV-166, 2004 U.S. Dist. LEXIS 28369, at *3

(E.D. Tenn. Oct. 14, 2004). In its April 14, 2006 Order, the Court enjoined Peter Goodier "from working for Tuthill Vacuum & Blower Systems in his current position or any position analogous to his current position for the remaining term under the Covenant."[1] Essentially, Goodier was prohibited from directly competing with Gardner Denver.

The Court heard a full day of argument and testimony. Thereafter the Court concluded on the record that Plaintiff had not shown clear and convincing evidence that Defendants violated the injunction. The record of the proceedings and the Court's comments from the bench have already provided ample explanation for the decision.

The Court notes that Plaintiff did raise a number of valid questions about Goodier's activities. Some gave the appearance of violating the injunction. However, in the end, Goodier was able to satisfactorily explain each questionable point.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for civil contempt is DENIED.

---

[1] The relevant language of the Court's April 14, 2006, order is as follows:
    IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunction is SUSTAINED.
    IT IS FURTHER ORDERED that Peter Goodier is enjoined from working for Tuthill Vacuum & Blower Systems in his current position or any position analogous to his current position for the remaining term under the Covenant.
    IT IS FURTHER ORDERED that Defendants shall have thirty (30) days in which to advise the Court whether any further proceedings are necessary prior to making the injunction a permanent and final order.
It should be noted that the Memorandum accompanying the Order held a narrow interpretation of the covenant not to compete, which Plaintiff sought to enforce in its motion for preliminary injunction. The covenant prohibited Goodier from working "in any capacity, as an employee or otherwise, [for] any business that competes with Drum . . . ." The Court limited the scope of the covenant to allow Goodier to work for businesses such as Tuthill that compete with Drum (now Gardner Denver), so long as he was not engaged in such activities.

cc:     Counsel of Record